UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| ROYAL CONSUMER PRODUCTS | PLAINTIFF |
| v. | CIVIL ACTION NO. 3:15-CV-00830-CRS |
| MARTIN INDUSTRIES, LLC AND<br>AUTO-OWNERS INSURANCE CO. | DEFENDANTS |
| AND | |
| AUTO-OWNERS INSURANCE CO. | CROSS CLAIMANT/<br>THIRD-PARTY PLAINTIFF |
| v. | |
| MARTIN INDUSTRIES, LLC<br>and | CROSS DEFENDANT |
| TERRY MARTIN and NANCY MARTIN | THIRD-PARTY DEFENDANTS |

## MEMORANDUM OPINION

Auto-Owners Insurance Co. ("Auto-Owners") moves to bifurcate Royal Consumer Products' ("Royal Consumer") bad faith claim against it. Auto-Owners also seeks a stay on discovery on this discrete claim and requests a hearing to argue the motion. *See* Def.'s Proposed Order, ECF No. 21-1. The Court will bifurcate and stay discovery on this claim. The Court will deny the motion for a hearing as moot.

## BACKGROUND

This case involves a failed business relationship between Royal Consumer and Martin Industries, LCC ("Martin Industries"). Royal Consumer contracted with Martin to produce

1

specialized production equipment. Under the parties' agreement, Martin obtained a performance bond. Auto-Owners provided this performance bond.

Royal Consumer alleges Martin never delivered or installed the equipment. Royal Consumer subsequently made a claim to Auto-Owners for payment of the performance bond. Auto-Owners disputes whether a claim is appropriate.

Royal Consumer filed a complaint against Martin Industries for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, and promissory estoppel. Royal Consumer also asserted claims against Auto-Owners for bad faith in violation of KRS § 304.12-230, breach of bond, and breach of the implied duty of good faith and fair dealing. *See* Compl., ECF No. 1. Auto-Owners filed a cross claim against Martin Industries, ECF No. 5, and a third-party indemnification claim against Terry Martin and Nancy Martin. *See* ECF No. 7.

## DISCUSSION

1. Motion to Bifurcate and Stay Discovery[1]

This Court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). This Court has discretion whether to bifurcate matters. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). In determining whether to exercise this power, the Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v.*

---

[1] Although Auto-Owners does not style its motion as one for bifurcation *and* a stay of discovery, Auto-Owners does move for a stay within its memorandum and proposed order. Royal Consumer construes Auto-Owners' motion to request bifurcation and a stay of discovery. *See* Pl.'s Resp. 3, ECF No. 27. The Court will also construe Auto-Owners' motion to move for bifurcation as well as a stay of discovery on Royal Consumer's bad faith claim.

2

*Morgan*, 477 F.3d 327, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

"When resolving one issue will likely dispose of other issues, bifurcation may be particularly appropriate." *Holloway v. Ohio Security Ins. Co.*, Civil Action No. 14-CV-00856-CRS (W.D. Ky. 2015). Courts in this district often bifurcate contract and bad faith claims. *See, e.g., id.*; *Nationwide Mut. Fire Ins. Co. v. Jahic*, Civil Action No. 3:11–CV–00155-TBR (W.D. Ky. 2013) ("Where the bad-faith claim depends on resolution of the underlying contractual dispute regarding the policy of insurance, it is reasonable for a court to resolve the coverage question before allowing the bad-faith claim to proceed."); *contra*, *Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213, 214 (W.D. Ky. 2001) (declining to bifurcate plaintiff's claim for basic reparation benefits from plaintiff's other first-party claims against insurer).

While there are many parties and claims involved in this matter, the Court confronts the discrete question of whether to bifurcate and stay discovery concerning Royal Consumer's bad faith claim against Auto-Owners.

Bifurcating the bad faith claim in this instance serves the interests of judicial economy without unduly prejudicing the parties. Kentucky law does not provide a bad faith cause of action unless the plaintiff can also prove that the defendant had a contractual obligation to pay the underlying claim. *See Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). "[T]he classic example of litigation that lends itself to bifurcation [occurs] where the Plaintiff must prevail initially upon her claim of breach of contract before any recovery is possible on the contingent bad faith claims." *Graves v. Standard Ins. Co.*, Civil Action No. 3:14-CV-00558-DJH (W.D. Ky. 2015); *see also TIG Ins. Co. v. Hosp. Corp of Amer.*, Civil Action No. 1:11-CV-

00043-JHM (W.D. Ky. 2014) ("Bifurcation is so prevalent in this area because of the three elements that must be proven to prevail on a bad faith claim" one of which is that "the insurer is obligated to pay the claim under the terms of the insurance policy").

If Royal Consumer can prove that Auto-Owners owed a contractual duty to pay the bond claim and breached that duty, Royal Consumer may then proceed to attempt to prove Auto-Owners' bad faith in that transaction. Without bifurcation, Auto-Owners may have to litigate a bad faith issue that may never arise. This would unnecessarily burden a party with litigation expenses that could easily be prevented. Similarly, staying discovery on the bad faith claim promotes the interest of judicial economy by ensuring that the Court does not exert resources on a claim that may never arise.

Royal Consumer argues that Auto-Owners' third-party indemnification claim against the Martins alters this analysis. Pl.'s Resp. 6, ECF No. 27. It does not. The discovery stay will not extricate Auto-Owners from the general ongoing litigation, only stay discovery on the discrete bad faith claim. This will not, as Royal Consumer suggests, result in a stay on discovery involving the remaining claims by and against Auto-Owners. *Id.*

Royal Consumer also argues that granting Auto-Owners' motion will destroy "meaningful settlement negotiations." *Id.* Auto-Owners responds that it "intends to fully participate both in the litigation and settlement (if it gets to that) of this case." Def.'s Reply 4, ECF No. 28. Further, Auto-Owners' argues, "the parties have already agreed they should make a serious attempt at settlement prior to any discovery taking place." *Id.* Given Auto-Owners stated position that it will fully participate in settlement negotiations if necessary and the potential for the contract issue to resolve the bad faith claim, the Court finds the equities weigh in favor of

bifurcating and staying discovery concerning Royal Consumer's bad faith claim against Auto-Owners.

The Court will bifurcate Royal Consumer's bad faith claim against Auto-Owners from the rest of the litigation in this matter. The Court will also stay discovery concerning Royal Consumer's bad faith claim against Auto-Owners.

2. Motion for a Hearing

Royal Consumer moves for a hearing on its motion to bifurcate and stay discovery. This is unnecessary. The parties have fully briefed this issue as discussed above. The Court will deny Royal Consumer's motion for a hearing as moot.

## CONCLUSION

The Court will grant Royal Consumer's motion to bifurcate and stay discovery. The Court will deny Royal Consumer's motion for a hearing.

The Court will enter a separate order in accordance with this opinion.

May 27, 2016

Charles R. Simpson III, Senior Judge
United States District Court